9656

DE WITT v. DOWLING ET AL.

(91 S. E. 1040.)

1. COVENANTS — GENERAL WARRANTY — BREACH—INCHOATE DOWER.—If an outstanding or inchoate right of dower exists against the title when the general warranty is made by the grantor, subsequent ripening of the dower right and its successful assertion constitute a breach of warranty.

2. COVENANTS—GENERAL WARRANTY—BREACH—DOWER.—An assessment against the purchaser for dower to the grantor's wife amounts to an eviction *pro tanto,* in violation of general warranty, in diminution of the value of the land, but nevertheless is consistent with the passing of the fee.

3. FRAUDULENT CONVEYANCES—ACTION TO SET ASIDE—BURDEN OF PROOF. —In an action against a grantor's widow and children by a purchaser of land under warranty, where plaintiff alleged as breach the

recovery of dower by the grantor's widow, and that after the warranty the grantor conveyed other property to defendants without consideration in fraud of plaintiff, and asked that such conveyances be set aside, defendants denying the allegation, burden of proving them rested upon plaintiff to prove the conveyances were fraudulent.

4. FRAUDULENT CONVEYANCES—ACTION TO SET ASIDE—ISSUES—BREACH OF WARRANTY — NOTICE TO PURCHASER OF OUTSTANDING CLAIM. — Where a grantor gave general warranty of land and subsequently deeded other property to his wife and children, and on his death the wife established dower in the land granted to the purchaser, the fact that the purchaser had no notice of the dower claim until it was demanded and established was irrelevant in the purchaser's action against the widow and children alleging breach of warranty, and asking that the conveyances to them be set aside as without consideration and in fraud of creditors.

5. APPEAL AND ERROR—SCOPE OF REVIEW—MATTERS NOT NECESSARY TO DECISION.—The Court on appeal need not decide a question of law, however interesting, which is not raised by the facts.

Before PRINCE, J., Bamberg, April, 1916.   Affirmed.

Suit by Gulielma De Witt against Laura C. Dowling and others.   Decree for defendants, and plaintiff appeals.

Plaintiff's exceptions referred to are as follows:

(1) Because the Circuit Judge erred in not holding that an outstanding claim of dower was such an incumbrance as was covered and guarded against by the covenants of warranty in the deed from E. H. Dowling to plaintiff herein, which claim was in existence at the time of the execution of the deed in question.

(2) Because his Honor erred in not holding that to the extent of the amount assessed against the plaintiff as dower, that the plaintiff was to that extent evicted

FOOTNOTE.—As to validity of voluntary conveyance as against a creditor whose claim is contingent, see notes in 34 A. & E. Ann. Cas. 1914d, 764 to 769.   As to validity of such conveyance against subsequent creditors, see notes in 31 A. & E. Ann Cas. 1914a, 601, 3 L. R. A. 822, 9 L. R. A. 415 and 419, 12 L. R. A. (N. S.) 369.   Conveyance or transfer by one secondarily liable, see notes in 47 L. R. A. (N. S.) 320.

from the premises which she was holding and enjoying under the express warranty of the said E. H. Dowling, and in not holding that the right of dower claimed and recovered was a diminution of the value of the land, but consistent with the passing of the fee.

(3) Because his Honor erred in not holding that in the allotment of dower, or a sum of money in lieu thereof, amounts to actual eviction and ouster, and an action on the breach of the covenants in the deed cannot be maintained until after the eviction, in this case the payment of the sum of money assessed in lieu thereof.

(4) Because his Honor erred in not holding that the contingent right of dower in the wife whose husband is living at the time of the conveyance, is an incumbrance against which the general warranty is intended to protect the vendee, in this case the warranty of E. H. Dowling to the plaintiff, his vendee, was a protection against the outstanding claim of dower of the wife of the said E. H. Dowling.

(5) Because his Honor erred in holding that plaintiff had failed to show that the estate of E. H. Dowling at the time of his death, 1906, was not sufficient to satisfy all claims against said estate, when, it is respectfully submitted, he should have held that until dower was demanded and recovered, that then and only then did the plaintiff have any notice of the claim of dower in the lands conveyed by the husband of the demandant.

*Messrs. Mayfield & Free,* for appellant, cite: *As to breach of warranty:* 27 S. C. 193; 67 S. C. 216; 39 S. C. L. (5 Rich.) 12; 5 S. C. 407. *Limitation of action:* 5 S. C. 407. *Measure of damages:* Civil Code, sec. 3536; 5 S. C. 405; 43 S. C. 33.

*Mr. W. H. Townsend,* for respondent, cites: *As to proof of fraud:* Bail. Eq. 138. *Covenantee not a creditor before*

*breach of warranty:* 55 Ill. 261, 269.   *Circumstances at·time of conveyance control case:* 2 Bail. 128, 130.

March 25, 1917.

The opinion of the Court was delivered by Mr. Justice Gage.

This cause is the sequel to *Dowling* v. *De .Witt,* reported in 96 S. C. 435, 81 S. E. 173.   The suit for dower established in that case is the occasion of this action.   The instant action is to set aside two deeds, one from E. H. Dowling to his wife, Laura, and one from E. H. Dowling to his children, Spann, Decania, and Lina; upon the ground they are voidable as against the plaintiff's claim against the estate of E. H. Dowling, because made without consideration, and operated as a fraud upon the plaintiff.   These deeds were made in December, 1905.   Before that, in January, 1890, E. H. Dowling had conveyed to the plaintiff here a parcel of land, with general warranty.

E. H. Dowling died in October, 1906.   In 1914, Laura, the widow of E. H. Dowling, sued the plaintiff for dower in the lands conveyed to plaintiff by her husband in 1890, and recovered.   That is the breach of the warranty which ·E. H. Dowling made the plaintiff, and which is now set up by the plaintiff against the widow and children of E. H. Dowling as a claim against Dowling's estate, that was existing when he made the alleged voluntary deeds.   The Court decreed for the defendants: (1) Because it did not appear by testimony that when E. H. Dowling made the two deeds in 1905, he did not then retain sufficient property to pay his debts; and (2) because the obligation from E. H. Dowling to the plaintiff, arising out of the breach of warranty, did not exist when the aforementioned voluntary deeds were made by E. H. Dowling to his wife and children; and (3) because there was not proven an intent by E. H. Dowling when he made the deeds to his wife and children to defraud

his creditors; and because the transaction did not amount to a constructive fraud by E. H. Dowling. These embrace all of the conclusions of the Circuit Court, except those conclusions upon record matters of fact about which there is no dispute.

There are five exceptions. Let them be reported. The first four charge omissions to find; the last charges an erroneous finding and an omission to find. As to the first, it is true that if an "outstanding claim of dower"— an inchoate right of dower—exist against the title when the general warranty is made by the grantor, then the subsequent ripening of the dower right and its successful assertion constitutes a breach of the warranty. So much is the first clause of the first exception, and the postulate is true; but it is not determinative of the case.

The second clause of that exception suggests an issue upon which the Court did find; and we take it this clause challenges that finding. The finding was that the warranty was not a claim against the warrantor existent when the warranty was made. The exception is that the warranty was such a claim. To that issue we shall hereinafter revert.

The second exception lays down the postulate that the assessment of some $1,100 against the plaintiff for dower to Laura amounted to an eviction *pro tanto,* in violation of the warranty in diminution of the value of the land, but consistent with the passing of the fee. That is true; but the deciding of it by the Circuit Court was not necessary to a determination of the case. No doubt the Court assumed the postulate to be correct.

The same is true of the third exception, and of the fourth exception.

The fifth exception is to the Court's holding that the plaintiff failed to prove that the estate of E. H. Dowling, at his death in 1906, was insufficient to satisfy all claims against it, and to the Court's not holding that the plaintiff had no notice of the claim of dower until the same was

demanded and recovered.  This exception makes the real question in the case.

We think the first clause of the fifth exception fairly makes the question, that the plaintiff did show by the testimony that when E. H. Dowling made the deeds in 1905 he did not reserve enough property to pay his debts.  That clause of the exception charges that the Court erred in holding the contrary.

The second clause of the exception seems to indicate the fact which negatives the Court's conclusion, to wit, that the plaintiff did not and could not have notice of the claim of dower until the same was demanded and recovered.  The Circuit Judge's decree recites that "the cause was heard * * * upon the testimony contained in the printed case * * * of *Dowling* v. *De Witt,*" the dower suit before referred to. That testimony is not printed in the case for this appeal, and it was not supplied the Court.  The only testimony in this appeal is four deeds.  The counsel for respondents asserts in his printed argument that the testimony was not so printed and supplied, because "the appellant is not here questioning the findings of fact in the Court below."

If the fifth exception questions the fact of insufficiency of assets to pay debts, there is no testimony to sustain the exception.  There is not a line of testimony before us to show that E. H. Dowling did not reserve a sufficient amount of property in December, 1905, to pay any debts which he may have then owed, or then contracted for and to become due upon uncertain future contingencies.  Indeed paragraph 3 of the complaint alleges that "at the time of the death of the said E. H. Dowling he was owner in fee of large real estate holdings in the county, * * * together with very valuable personal property."  And the deeds to his wife and children show on their face that the grantor reserved to himself a limited estate in the property granted.  On the contrary, paragraph 10 alleges that in December, 1905, E. H. Dowling "conveyed all his property to his widow * * *

and children. * * *" And "said conveyance to the said parties * * * was without consideration."

The defendants denied that the conveyances of December, 1905, were voluntary, and alleged they were made upon valuable consideration; and they denied that E. H. Dowling thereby conveyed away all the property he then had. It was incumbent on the plaintiff to prove that which she alleged; the Circuit Judge found she had not done so, and we concur with him. The first clause of the fifth exception is therefore overruled.

The second clause of the fifth exception may be true; but it is irrelevant to the issue we have decided.

We need not inquire into the other very interesting question which has been argued and which the Circuit Court decided, to wit: Was the warranty that was made of such a character that the subsequent breach of it imputed to the warranty the character of an existing debt as of the date of its making? That question, if decided by us, would be *dictum,* for the testimony does not create the question.

The other questions made by the exceptions are irrelevant; for, granting them to be as contended for, they do not affect the result, if our conclusion upon the issue decided be correct.

The decree below is affirmed.